IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ ORTIZ-ROCHE, **Plaintiff,** v. PHYSICIAN CORRECTIONAL CORP., **Defendant.** | **Civil No.** 23-1215 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is defendant Physician Correctional Corporation ("defendant")'s motion to dismiss the complaint. (Docket No. 17.) For the reasons set forth below, the defendant's motion to dismiss is **DENIED**.

I.  Factual Background

Plaintiff José Ortiz-Roche ("Ortiz" or "plaintiff") is an inmate at Bayamón Correctional Institute 501. (Docket No. 3.) Ortiz suffers from various neurological medical conditions. Id. The defendant is a for profit corporation charged with the operations and administration of the Correctional Health Program of the Puerto Rico Department of Correction and Rehabilitation. Id.

Ortiz has repeatedly requested medical care from the defendant. Id. at p. 3. The defendant dismissed these requests,

Civil No. 22-1215 (FAB)                                                        2

however, prompting Ortiz to commence a civil action pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1983 ("PLRA").  Id. Ortiz filed his *pro se* complaint on May 3, 2023.  Id.

On May 24, 2023, the Court appointed counsel for Ortiz pursuant to Local Civil Rule 83L.  (Docket No. 10.)  Subsequently, the defendant moved to dismiss the complaint.  (Docket No. 17.) According to the defendant, Ortiz failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  Id.  The record is devoid of evidence establishing that Ortiz requested "a Neurologist appointment for his medical conditions."  Id. at p. 2. On August 28, 2023, Ortiz filed a memorandum in opposition to the defendant's motion to dismiss.  (Docket No. 33.)

**II.  Legal Standard**

The Court may hold the plaintiff's *pro se* claim, within reason, to a less demanding standard than those drafted by lawyers. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) ("[courts] are solicitous of the obstacles that *pro se* litigants face, and while not exempt from procedural rules, we hold pro-se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro-se claims due to technical defects.")

In ruling on a motion to dismiss, the Court must accept as true "all well-pleaded factual averments and indulg[e] all

Civil No. 22-1215 (FAB)                                                   3

reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Pursuant to 42 U.S.C. § 1983, failure to exhaust administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 200 (2007). Accordingly, the defendant shoulders the burden of proof. Id. at 216.

Pursuant to 42 U.S.C. § 1997e(a), inmates must exhaust all available administrative remedies in accordance with applicable procedural rules before bringing an action in a district court. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The administrative remedies referred to in the PLRA are defined by the internal prison grievance process of each facility, not by the PLRA itself. Bock, 549 U.S. at 218. The Puerto Rico Department of Correction and Rehabilitation established the Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population ("Regulation 8145"), which gives inmates procedural rules and specific timelines by which to file their complaints to be dealt with internally. See Regulation No. 8145 of January 23, 2012.

**III. Discussion**

The defendant claims that Ortiz failed to exhaust administrative remedies as required by the PRLA. (Docket No. 17.) In support of this claim, the defendant attached a negative certification showing that Ortiz did not specifically request "a neurologist due to 'craneopalatia' [*sic*] ailment." (Docket No. 17, Ex. 1.) Ortiz has, however, produced two administrative requests for medication and medical services. (Docket No. 33, Ex. 1.) His *pro se* complaint asserts the same claims as his requests for internal administrative remedies (*i.e.* appropriate medical care and medication necessary for his condition).[1] Ortiz need not refer to his medical condition in the complaint and in his administrative remedy requests using identical language; it is sufficient, especially in light of his *pro se* status at the time of filing, that he exhaust the administrative remedies for the same issues as are raised in the complaint. See Dutil, 550 F.3d at 158. Given Ortiz's two requests for administrative remedies and his subsequent internal appeal, the defendant was on notice of, and had ample opportunity to respond to, Ortiz's allegations before the commencement of this action. Consequently, the Court Ortiz exhausted the required administrative remedies.

---

[1] "In essence, my request is related to a health issue that I have been dealing with for some time." (Docket No. 33 Ex. 4.)

### IV. Conclusion

For the reasons set forth above, Physician Correctional Corporation's motion to dismiss for failure to exhaust administrative remedies is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 5, 2023.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE