IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| JOSE L. ORTIZ ROCHE, | CIVIL NO. 23-1215 (GLS) |
|---|---|
| PLAINTIFF | |
| vs. | |
| PHYSICIAN CORRECTIONAL CORP., | |
| DEFENDANT | |

## MOTION TO STRIKE UNTIMELY OPPOSITION TO PHMO'S MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

Comes now, Physician Correctional Corporation, hereinafter "PHMO", through the undersigned attorney, and respectfully states, alleges and prays as follows:

1. On December 16, 2024, PHMO filed it motion for summary judgment and supporting statement of uncontested material facts requesting dismissal of the complaint in the captioned case[1].

2. According to the CM/ECF filing confirmation, suggestions in opposition to PHMO's motion for summary judgment were to be filed by January 2, 2025[2]. The fourteen (14) day term for the filing of oppositions is set forth on Local

---

[1] D.E. 90 & 91.
[2] D.E. 90.

Rule 7(b), which provides as follows: "Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the ***opposing party shall be deemed to have waived any objection to the motion***." …

3. The filing deadline for the opposition to PHMO's motion for summary judgment transpired, and a review of the case docket confirms that Plaintiff did not file a motion for an extension of time to file his opposition or seek leave of this Honorable Court to file a belated opposition.

4. Inasmuch as Plaintiff had failed to file an opposition within the deadline established by the Local Rules of this Honorable Court, on February 15, 2025, PHMO filed a motion requesting that its motion for summary judgment be deemed as unopposed pursuant to the provisions of Local Rule 7(b)[3].

5. On February 16, 2025, two months after PHMO filed its motion for summary judgment, Plaintiff filed a belated opposition to its motion for summary judgment, which is addition to being untimely, fails to comply with the strictures of Local Rule 56(c)[4].

6. The First Circuit Court of Appeals has held and reiterated that the district court has the discretionary authority to consider a motion for summary judgment unopposed when the non-moving party does not timely file an

---

[3] D.E. 96.
[4] A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

2

opposition. See **Pérez-Cordero v. Wal-Mart P.R**., 440 F.3d 531, 533-34 (1st Cir.2006). See **Macaulay v. Anas**, 321 F. 3d 45, 49 (1st Cir. 2003) ("Courts simply cannot afford to let lawyers' schedules dominate the management of their dockets."); **McIntosh v. Antonino**, 71 F. 3d 29, 38 (1st Cir. 1995) ("Litigants cannot expect that courts will dance to their every tune, granting extensions on demand to suit lawyers' schedules."); **Mendez v. Banco Popular de Puerto Rico**, 900 F.2d 4, 7 (1st Cir. 1990) ("[A] district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines.").

7. By filing his belated opposition to PHMO's motion for summary judgment without any explanation as to the reason for the protracted two (2) month filing delay, Plaintiff failed to provide a convincing reason to justify this procrastination. Plaintiff had numerous opportunities during December, 2024 and early January 2025, to request a filing extension for his opposition to PHMO's motion for summary judgment motion and failed to do so. Pursuant to Local Rule 7(b), Plaintiff effectively waived any objection he may have to PHMO's motion for summary judgment.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of the present motion, and in consequence of the same, strike Plaintiff's untimely opposition to PHMO's motion for summary judgment.

**IT IS HEREBY CERTIFIED** that on this date, we electronically filed the instant document with the Clerk's Office of this Court by means of the CM/ECF System, which will notify such filing to all attorneys of record in this case.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico on this 19th of February 2025.

**RC LEGAL & LITIGATION SERVICES, PSC**
1353 AVE. LUIS VIGOREAUX
PMB 889
GUAYNABO, PR 00966-2715
TEL. (787) 507-4950

*s/Roberto Ruiz Comas*
**ROBERTO RUIZ COMAS**
USDC-PR 204313
E-MAIL: roberto@rclegalpr.com